UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT JAY TASHBOOK,

    Petitioner,

v.                                      Case No: 5:16-cv-293-Oc-WFJ-PRL

WARDEN, FCC COLEMAN –
MEDIUM,

    Respondent.
_____

## ORDER

Petitioner, proceeding *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). At the direction of the Court, Petitioner filed a Second Amended Petition. (Docs. 12, 15). Respondent has filed a Response requesting that the Court deny the Second Amended Petition (Doc. 17), to which Petitioner has filed a Reply. (Doc. 24). Petitioner is not entitled to relief for the reasons stated in this Order.

### Second Amended Petition

Petitioner is a federal inmate who was incarcerated at FCC Coleman when this case commenced. Petitioner is currently incarcerated at FCI Otisville, New York and has a projected release date of January 21, 2054. Petitioner raises 13 grounds for relief relating to his confinement. The claims as stated in his pleading are as follows:

Ground One: Various prison staff and designation personnel used

false information in violation of my due process rights, to deny me a 'waiver' (which would have allowed me to be placed in a more appropriate lower-security prison and would have allowed me to not be in 'solitary.'

Ground Two: Various prison staff, and others involved in the designation process, continued to use false information, in violation of my due process rights, when attempting to place me in a state-run facility.

Ground Three: by placing me in a state correctional facility, the BOP is violating my religious rights under RFRA, RLUIPA, and similar federal laws, as well as my constitutional rights.

Ground Four: The BOP is holding me in violation of federal laws and the US constitution by placing me in a state-run correctional facility that improperly hinders and interferes with my religious practices and further violates a prior court order and agreement by the BOP on this issue.

Ground Five: The BOP is holding me in violation of federal law, specifically 18 U.S.C. § 3621(b), by not considering my religious needs as a factor when designating me to a state-run facility.

Ground Six: The BOP is holding me in violation of federal law, specifically 18 U.S.C. § 3621(b), by not properally [sic] considering all the factors when designating me to a state facility, where I ultimately will not be safe at in general population.

Ground Seven: By designating me to a state's entire prison system, rather than a specific facility within that system, violates 18 U.S.C. § 3621(b) - as well as BOP policies concerning state placement - and causes me to be held in violation of federal law.

Ground Eight: By allowing the state to select the facility for service of my federal sentence, there are the twin risks that the BOP will not award me sentence (let alone, GCT) credit for time spent in that facility and/or they will accuse me/cite me for 'escape' or similar violations for being at that facility.

Ground Nine: I suffer from various ADA/RA - qualifying mental disabilities which entitle me to accommodations in both the choice of a state-run facility and specifically once I'm at that facility and

2

neither are being considered, in violation of federal law.

Ground Ten: I suffer from various ADA/RA - qualifying physical/medical disabilities which entitle me to accommodations in both choice of state-run facility and specifically once I'm at that facility and neither are being considered in violation of federal law.

Ground Eleven: By regularly designating me to inappropriate facilities, I am regularly forced into restrictive housing (SHU, etc.) for cumulatively years of my life - all for non-disciplinary reasons - and all in violation of the US Constitution, federal law, and basic rules of fairness, morality, and justice.

Ground Twelve: 'Warehousing' me in SHU currently - while the BOP figures out where to send me and then arranges that move - is holding me in violation of the Constitution and federal law due to both the length of time I am in solitary and its impact on my religious practice, medical care, and programming, etc.

Ground Thirteen: Due to the BOP's violation of my rights in terms of inappropriate transfers and long term warehousing in SHU, this Court needs to actively monitor both to assure that any transfer complies with federal law, does not violate my rights, and will allow me to be safe in G.P.

(Doc. 15).

As relief, Petitioner seeks "protection of [his] religious rights and accommodations of [his] religious needs at least as well as if I were in BOP - run prison in general population; healthcare at least as good as that in BOP general population at no cost to [Petitioner]; deletion of all false information from [Petitioner's] records; de novo reconsideration of all classification/designation/transfers even potentially based on the false information; prompt transfer to a general population unit where [his] safety can be assured long-term without impacting [his] religious needs, psych care, healthcare, education, etc.; all other relief..." Id.

3

## Discussion

As an initial matter, the majority of Petitioner's claims are moot and are due to be dismissed. Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the court lacks subject matter jurisdiction. Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1327 (11th Cir. 2004) (citing Lujan v. Defenders of Wildfire, 504 U.S. 555, 559 (1992)). Mootness can occur due to a change in circumstances or a change in the law. Id. at 1328. A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party. Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d 1276, 1282 (11th Cir. 2004) (citing Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). Dismissal is not discretionary but "is required because mootness is jurisdictional." Id.

Here, Petitioner's concerns regarding incarceration in a state facility or transfer to a state facility have not come to pass or are no longer at issue. Specifically, the docket and the Bureau of Prisons' website reflects that Petitioner has been transferred from FCC Coleman to Otisville, FCI, which is a federal facility. Further, any challenge to his placement in the Special Housing Unit (SHU) is moot. In the Reply, Petitioner admits that he has been "transferred out of the SHU and the State of Florida." (Doc. 24). Accordingly, there is a clear change in circumstance and these claims are not properly before the Court.

The Court notes that Petitioner contends that there still exists a future risk to be

4

transferred to a state facility or to the SHU. Petitioner states in the Reply that "twice – within just his first thirty days at FCI Otisville, NY - staff discussed putting him in the SHU (or sending him to a state prison)." (Doc. 24). However, this allegation does not persuade the Court that Petitioner actually faces another transfer or removal out of general population or that the placement is "capable of repetition" permitting an exception to the mootness doctrine as he contends. Petitioner's argument regarding where the Bureau of Prisons' may one day place him is based on too much speculation to create an actual controversy sufficient to support a claim for relief.

Moreover, the remaining Constitutional claims regarding inadequate medical care, religious freedom/accommodation and due process are challenges to the conditions of confinement rather than the execution of the sentence. A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Thus, these claims are not cognizable under § 2241 and are more appropriately pursued in a civil rights action.

## Conclusion

Based on the foregoing, the Second Amended Complaint is **DISMISSED**. The Clerk is directed to enter judgment accordingly, terminate any pending motions and close the file.

The Clerk is directed to send Petitioner a blank civil rights form.

IT IS SO ORDERED.

DONE AND ORDERED at Tampa, Florida, this 6th day of February 2019.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE